The facts in the case are as follows:
Plaintiff introduced in evidence a Justice's docket, and proved by one J. G. Gullick that in the year 1870, he was a Justice of the Peace in and for the county of Gaston, and that the docket in evidence was the docket or record of cases tried before him as Magistrate. He made the following entry therein:
"JOSEPH THORNBURG, } v. } J. G. HERRON. }
"Plaintiff filed his complaint which was substantially as follows: Demand $60, money paid for defendant's use. Plaintiff distilled whisky to the amount of thirty gallons, which he was compelled to pay the tax on.
Case came on for trial March 26th, 1870. Defendant pleads former judgment for demurrer, and general issue and set off for answer. It is adjudged that the plaintiff do recover of the defendant the sum of sixty dollars damages, and the further sum of $1.80 cost of this action. Appeal prayed and granted No execution to run."
The witness further testified that both the plaintiff and the defendant were present personally and represented by counsel, *Page 282 
and that he gave the above judgment at the time stated in the foregoing copy of his record.
The defendant then proposed to show by the witness, that prior to the rendition of the judgment sued on, he, witness, had heard a trial in the Court of another Justice of the Peace, between the plaintiff and defendant, wherein judgment had been rendered in favor of the defendant upon the same matter in which the witness had given the judgment on which this action is brought.
The counsel for the plaintiff objected to this testimony. The Court sustained the objection, and the defendant excepted.
It was admitted that the judgment had not been paid or discharged.
The case was submitted to the jury on this testimony, and the counsel for the defendant contended that the foregoing entry of "appeal prayed and granted," made by the Justice in his docket, had the effect of vacating said judgment, and it could not be sued on as such. That the plaintiff's remedy was to take the case up to the Superior Court for confirmation.
The Court declined to instruct the jury to that effect, but told them that if they believed the testimony, the plaintiff was entitled to recover.
There was a verdict and judgment for the plaintiff; thereupon the defendant appealed.
If the position contended for by the defendant can be maintained, then a cheap and easy method of defeating recoveries of sums within the jurisdiction of Justices of the Peace has been discovered.
A defendant prays an appeal, takes no further steps, and claims that he has effectually closed the Courts from 1870 to 1875.
PER CURIAM. Judgment affirmed. *Page 283